UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **KEISHA BYRD** <br> 1655 Sanborn Drive <br> Cincinnati, OH 45215 <br><br> **Plaintiff,** <br><br> v. <br><br> **THE CHRIST HOSPITAL** <br> 2139 Auburn Ave. <br> Cincinnati, OH 45219 <br><br> **Defendant.** | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : | Case No. 1:23-cv-73 <br><br> **Judge** |

_____

**COMPLAINT AND JURY DEMAND**
_____

Plaintiff Keisha Byrd, for her Complaint against The Christ Hospital, states as follows:

### I.  PRELIMINARY STATEMENT

1. This action arises under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et. seq.,* and the Ohio Civil Rights Act, Ohio Rev. Code § 4112.01, *et seq.* Ms. Byrd, a former employee of Defendant The Christ Hospital, alleges that Defendant discriminated against her in violation of the ADA and the Ohio Civil Rights Act by terminating her because of her disability and by denying her a reasonable accommodation for her disability.

2. Ms. Byrd seeks relief for the aforementioned acts and/or omissions in the form of compensatory damages for her economic injuries, compensatory damages for her noneconomic injuries, and punitive damages. Finally, Ms. Byrd seeks payment of her reasonable attorney fees and costs.

## II. JURISDICTION AND VENUE

3. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 because Plaintiff's claims arise under federal law, 42 U.S.C. § 12101, *et seq*. The Court may also assert supplemental jurisdiction over the state law claims.

4. Venue with this Court is appropriate because the acts complained of herein occurred within the judicial district of the Southern District of Ohio.

## III. ADMINISTRATIVE HISTORY

5. On or about June 9, 2022, Ms. Byrd filed a charge of discrimination (No. 473-2022-01368 with the Equal Employment Opportunity Commission ("EEOC") against The Christ Hospital, alleging disability discrimination. On December 21, 2022, the EEOC issued Ms. Byrd a Notice of Right to Sue.

6. Ms. Byrd has timely filed this claim within 90 days of receipt of that notice.

## IV. PARTIES

7. Plaintiff Keisha Byrd is a United States citizen and a resident of Cincinnati, Ohio. The Christ Hospital employed Ms. Byrd as a Same Day Coordinator/Scheduler.

8. Defendant The Christ Hospital ("TCH") is a for not for profit corporation headquartered and doing business in the Southern District of Ohio. Defendant TCH is an employer as that term is defined by the ADA and the Ohio Civil Rights Act.

## V. STATEMENT OF THE CASE

9. Ms. Byrd began working for TCH as a scheduler in the surgery department on or about January 3, 2022. She had no patient care responsibilities—she merely interacted with patients for scheduling purposes by telephone.

10. Ms. Byrd suffers from psychogenic non-epileptic seizure disorder that substantially limits the normal operation of her neurological system.

11. During the onboarding process after TCH hired Ms. Byrd, TCH asked if she suffered from any medical conditions. Ms. Byrd disclosed to TCH that she suffered from a seizure disorder.

12. As a result, TCH required Ms. Byrd to submit to a blood test, urinalysis, and a blood pressure reading.

13. TCH also required Ms. Byrd to supply a note from her physician regarding her disability. Ms. Byrd did so.

14. Ms. Byrd informed TCH that she had not suffered any seizures recently. TCH's employee health representative directed Ms. Byrd to let TCH know if that changed.

15. In February 2022, Ms. Byrd suffered a seizure at work. Ms. Byrd detected the onset of the seizure and notified the charge nurse in her department that she was likely to have a seizure.

16. Ms. Byrd ultimately suffered a seizure. Once it ended, she continued working.

17. On or about February 23, 2022, Ms. Byrd suffered a second seizure at work. The charge nurse witnessed the seizure and escorted Ms. Byrd to the emergency department at TCH, where she underwent an evaluation. The emergency department discharged Ms. Byrd and she went home for the day.

18. Thereafter, Ms. Byrd returned to work without any additional seizures.

19. In April 2022, Ms. Byrd had an appointment with her primary care physician. She reported to the physician that she had suffered two seizures.

20. Ms. Byrd's physician suggested that Ms. Byrd request an accommodation at work in the event of further seizures.

21. Ms. Byrd then contacted TCH's disability management department and requested an accommodation of a brief period of recovery after she suffered a seizure and, if she was unable to recover, to be excused from work for the remainder of the day.

22. The representative from the disability management department initially told Ms. Byrd that she was not eligible for an accommodation.

23. Ms. Byrd provided letters dated April 5 and April 12, 2022 identifying her disability and requesting an accommodation.

24. TCH responded that providing Ms. Byrd with approximately 30 minutes to recover from having a seizure was not possible.

25. On May 9, 2022, despite Ms. Byrd having suffered no additional seizures, TCH suddenly removed Ms. Byrd from her position because of her seizure disorder.

26. On May 10, 2022, Tori Meyer, a member of TCH's employee relations department, informed Ms. Byrd that the requested accommodations posed an undue hardship on the department and that Ms. Byrd's only option was to find a new position that could accommodate her disability.

27. TCH did not assist Ms. Byrd in finding an open position. Instead, it merely told Ms. Byrd to look at publicly available job postings and to forward any positions that interested her to Ms. Meyer.

28. Ms. Byrd forwarded several open positions to Ms. Meyer. For each, Ms. Meyer responded that she had conferred with the hiring manager and that none could accommodate Ms. Byrd's seizure disorder.

29. On May 19, 2022, TCH terminated Ms. Byrd because it believed she was unable to perform the essential functions of her position.

30. TCH's justification for terminating Ms. Byrd is false, is direct evidence of disability discrimination, and constitutes a failure to accommodate Ms. Byrd's disability. TCH also failed to participate in the interactive process in good faith.

31. As a result of TCH's illegal actions, Ms. Byrd has suffered damages, including lost wages and emotional distress.

## VI. STATEMENT OF THE CLAIMS

### Count 1: Disability Discrimination
### (42 U.S.C. § 12101 and Ohio Rev. Code § 4112.02)

32. Ms. Byrd incorporates the previous paragraphs as if fully rewritten herein.

33. Ms. Byrd suffers from a seizure disorder, as set forth above.

34. Ms. Byrd was qualified for her position with TCH.

35. TCH knew that Ms. Byrd had a physical impairment. Ms. Byrd notified TCH of her disabilities when she requested leaves of absence.

36. TCH discharged Ms. Byrd because it perceived her as unable to work because of her physical impairment.

37. TCH terminated Ms. Byrd because of her physical impairment.

38. TCH also denied Ms. Byrd an accommodation for her disability in the form of either a brief period of approximately 30 minutes to recover from an infrequent seizure or, if the seizure was severe, a brief leave of absence.

39. As a result of TCH's illegal actions, Ms. Byrd has suffered damages including lost wages and emotional distress.

40. TCH acted with malice and a conscious disregard for Ms. Byrd's federally protected rights.

## Count 2: Retaliation
### (42 U.S.C. § 12101 and Ohio Rev. Code § 4112.02)

41. Plaintiff incorporates the previous paragraphs as if fully rewritten herein.

42. Ms. Byrd engaged in protected activity when she requested a reasonable accommodation.

43. TCH was aware Ms. Byrd requested an accommodation.

44. TCH retaliated against Ms. Byrd for requesting an accommodation by terminating her for reasons that are clearly pretextual.

45. There is a causal connection between Ms. Byrd's protected activity and TCH's decision to terminate her employment.

46. As a result of TCH's illegal actions, Ms. Byrd has suffered damages including lost wages and emotional distress.

47. TCH acted with malice and a conscious disregard for Ms. Byrd's federally protected rights.

## PRAYER FOR RELIEF

Wherefore, Ms. Byrd demands judgment against Defendant The Christ Hospital as follows:

1. An award of compensatory damages for all economic damages suffered by Ms. Byrd in an amount to be determined at trial, plus interest;

2. An order reinstating Ms. Byrd to her previous position, inclusive of all pay increases and benefits to which she would have been entitled had she not been terminated, or in the alternative, an award of front pay;

3. An award of compensatory damages for all noneconomic damages suffered;

4. An award of punitive damages;

5. An award of Ms. Byrd's reasonable attorney fees and costs; and

6. An award of any other relief in law or equity to which Ms. Byrd is entitled.

Respectfully submitted,

**MEZIBOV BUTLER**

/s/ Brian J. Butler
Brian J. Butler (OH No. 0082675)
615 Elsinore Place
Cincinnati, OH 45202
Phone: 513-621-8800
Fax: 513-621-8833
bbutler@mezibov.com

*Attorney for Plaintiff Keisha Byrd*

## JURY DEMAND

Plaintiff Keisha Byrd demands a jury trial to resolve all issues of fact related to her Complaint.

/s/ Brian J. Butler
Brian J. Butler (OH No. 0082675)